JUDGE SCHEINDLIN

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SHARON E. FRASE (SF-4906)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2329

08 CV 01341

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,            :

              Plaintiff,             :

        v.                           :     VERIFIED COMPLAINT

$110,746.00 IN UNITED STATES         :     08 Civ.
CURRENCY, MORE OR LESS, AND ALL
PROCEEDS TRACEABLE THERETO,          :

              Defendant In Rem.      :

------------------------------------X

          Plaintiff, United States of America, by its attorney, MICHAEL J. GARCIA, United States Attorney for the Southern District of New York, for its complaint alleges as follows:

I. JURISDICTION AND VENUE

          1.   This action is brought pursuant to 18 U.S.C. § 981 by the United States of America seeking the forfeiture of $110,746 in United States currency (the "defendant-in-rem currency");

          2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper under 28 U.S.C. § 1355(a) because the actions giving rise to forfeiture took place in the Southern District of New York and the defendant-in-rem currency

was found and seized in the Southern District of New York.

3. The defendant-in-rem currency is presently in the custody of the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement, on deposit at Wachovia Bank in Edison, New Jersey.

## II. PROBABLE CAUSE FOR FORFEITURE

4. On August 5, 2007, the NYPD conducted observations of a vehicle containing three occupants parked at a fire hydrant in a drug prone location in Bronx, NY. The car was being operated by a man identified as ZHU QIAOWEN of 1948 West 10 Street, Brooklyn, New York, 11223. As officers approached the vehicle, they observed an occupant sitting in the back seat of the car, later identified as SANSANI MOUHAMA, attempting to conceal a black shopping bag. Officers asked the driver and occupants why they were parked there and each occupant's explanation was different. The officers then asked all three occupants to exit the vehicle. As the officers observed the inside of the vehicle, they noticed that the aforementioned black shopping bag contained currency. Further inspection of the contents of the bag revealed $110,746.00 in U.S. currency and $5,500 in blank money orders. When officers asked the occupants whose money it was, ZHU QIAOWEN stated that it was his. He went on to say that he had won the money at the Showboat Casino in Atlantic City the previous evening. Officers recovered an additional 119 money orders filled out in different names, business records and two pairs of Nike

sneakers from the vehicle. ZHU QIAOWEN then admitted that the Nike sneakers also belonged to him. The Nike sneakers recovered from the vehicle were later identified as counterfeit trademarked merchandise. Upon further questioning, SANSANI MOUHAMA disclosed that he was employed by ZHU QIAOWEN in the business of selling merchandise. He also admitted that his residence contained additional quantities of counterfeit Nike sneakers. After obtaining written consent from SANSANI MOUHAMA, officers searched MOUHAMA's residence on Walton Avenue in Bronx, New York, and recovered a quantity of counterfeit Nike sneakers. Subsequently both ZHU QIAOWEN AND SANSANI MOUHAMA were arrested and charged with violation of NYPL § 165.71, Trademark Counterfeiting in the 3rd Degree, an A-misdemeanor.

5. NYPD seized the $110,746 in U.S. currency and the $5000 in money orders because they determined it to be the proceeds from sales of Nike Trademark counterfeit items. NYPD placed the seized funds in evidence bags, and deposited them the NYPD Property Clerk. Then, on September 19, 2007, $110,746 of the seized defendant funds were adopted by U.S. Customs and Border Protection and deposited into an account at Wachovia Bank in Edison, New Jersey.

CLAIM FOR RELIEF

6. Plaintiff repeats each and every allegation contained in paragraphs 1 through 5 as if fully set forth herein.

7. Pursuant to Title 18, United States Code, Section

981 (a)(1)(A), any property, real or personal, or any property traceable to such property, which is involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, is subject to forfeiture to the United States.

8. The defendant-in-rem currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because there is probable cause to believe that it constitutes property involved in or otherwise traceable to a financial transaction or attempted financial transaction conducted or attempted to be conducted with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956 (a)(1)(A).

9. The defendant-in-rem currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because there is probable cause to believe that it constitutes property involved in or otherwise traceable to a financial transaction conducted or attempted to be conducted with knowledge that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, in violation of Title 18 United States Code, Section 1956 (a)(B)(i).

10. By reason of the above, the defendant-in-rem currency became, and is, subject to forfeiture to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the defendant-in-rem currency and that all persons having an interest in the defendant-in-rem currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the defendant-in-rem currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated:   New York, New York
         February 11, 2008

                              MICHAEL J. GARCIA
                              United States Attorney
                              Southern District of New York

                          By: /s/ Sharon E. Frase
                              Sharon E. Frase (SF-4906)
                              Assistant United States Attorney
                              One St. Andrew's Plaza
                              New York, New York 10007
                              Telephone: (212) 637-2329

VERIFICATION

STATE OF NEW YORK           )
COUNTY OF NEW YORK          :
SOUTHERN DISTRICT OF NEW YORK )

WILLIAM MCCABE, being duly sworn, deposes and says that he is a Detective with the New York City Police Department, and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the grounds of his belief are official records and files of the New York City Police Department and the United States Government, and information obtained directly by deponent during an investigation of alleged counterfeiting activities, including violations of Title 18, United States Code, Section 1956.

　　　　　　　　　　　　　　　Det William McCabe
　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　WILLIAM MCCABE
　　　　　　　　　　　　　　　Special Agent
　　　　　　　　　　　　　　　U.S. Customs and Border Protection

Sworn to before me this
11th day of February, 2008

_____
NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2010